THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JACK ROSENZWEIG, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Department, New York County, December 18, 1929.

*Daniel Gutman,* for the appellant.

*Joab H. Banton,* for the respondent.

PER CURIAM. The return from the Magistrate's Court is not entirely clear as to whether this proceeding was one upon which the

appellant was adjudged a disorderly person, or simply a hearing to decide whether a bond should be given upon a previous order made by another magistrate.

The briefs submitted by both sides declare that this is an appeal from a judgment convicting the appellant of being a disorderly person, in that he " Neglected to provide for his wife according to his means." (Inferior Criminal Courts Act of the City of New York [Laws of 1910, chap. 659], art. V, § 74, subd. a, as amd. by Laws of 1919, chap. 339.)

The complaint upon which the proceeding was made was dated April 17, 1929.

The record shows that an order was made upon this complaint prior to the proceedings reviewed at this time. Upon this prior order the appellant supplied a bond binding him to pay the complainant seven dollars per week. When this bond was exhausted no further payments were made. The respondent in his brief says that this order was an order made upon consent. Such an order is permitted by section 74, subdivision " c " of the Inferior Criminal Courts Act, which establishes and defines the powers of the Domestic Relations Court. The statute says: " Upon the consent of the defendant the magistrate may without convicting the defendant of being a disorderly person make an order herein which shall be enforceable in all respects as under an order made after conviction."

The defendant in this case did not admit that he was a disorderly person by having consented to the prior order; he was, therefore, entitled to a fair trial before judgment of conviction could be entered against him.

The record of the proceedings before the magistrate upon which the judgment of conviction was based shows that such a trial was not accorded him. No opportunity was given him after the complaining witness had testified to offer evidence in his own behalf, nor was he informed of this right to testify should he wish to do so as provided by section 393 of the Code of Criminal Procedure. The defendant appeared without counsel, not because he had failed to engage one, but because the magistrate insisted in trying the case in the absence of counsel.

It becomes necessary, therefore, to reverse the judgment on the law and facts and to order a new trial.

Judgment reversed on the law and facts, new trial granted in the Magistrates' Court.

All concur; present, KERNOCHAN, P. J., and HERBERT and MURPHY, JJ.