THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* TONY RAKIEC and CHARLES SHAMBROCK, Appellants.

Third Department, October 31, 1940.

*Casson, Hoover & Stein* [*J. R. Hoover* of counsel], for the appellants.

*Walter B. Reynolds, District Attorney, Chemung County,* for the respondent.

CRAPSER, J. The defendants were jointly indicted for the crime of burglary in the third degree by the grand jury of the county of Chemung. The defendants entered a plea of not guilty to the indictment.

The only serious question in the case is whether section 295-l of the Code of Criminal Procedure applies as well to the defendants personally as to any other witness.

Section 295-l of the Code of Criminal Procedure is as follows: " In all cases where a defendant has been indicted by a grand jury, the prosecuting officer may, not less than eight days before the case is moved for trial, serve upon such defendant or his counsel and file a demand which shall require that if such defendant intend to offer, for any purpose whatever, testimony which may tend to establish his presence elsewhere than at the scene of the crime at the time of its commission, he must within four days thereafter serve upon such prosecuting officer and file a bill of particulars which shall set forth in detail the place or places where the defendant claims to have been, together with the names, post-office addresses, residences, and places of employment of the witnesses upon whom he intends to rely to establish his presence elsewhere than at the scene of the crime at the time of its commission. Unless the defendant shall, pursuant to such demand, serve and file such bill of particulars, the court, in the event that such testimony is sought to be interposed by the defendant upon the trial for any purpose whatever, or in the event that a witness not mentioned in such bill of particulars is called by the defendant to give such testimony, may exclude such testimony, or the testimony of such witness. In the event that the court shall allow such testimony, or the testimony of such witness, it must, upon motion of the prosecuting officer, grant an adjournment not to exceed three days." (Added by Laws of 1935, chap. 506, in effect July 1, 1935.)

The district attorney made a demand upon the attorney for the defendants under section 295-l of the Code of Criminal Procedure for a bill of particulars, which demand was ignored by the defendants' attorney and no bill of particulars was served.

At the close of the People's case and again at the close of all the evidence the defendants moved for a dismissal of the indictment and the discharge of the defendants on the grounds that the People had failed to prove the crime set out in said indictment or any other crime. These motions were denied and at the end of all the

testimony the defendants made a motion for a mistrial on the grounds that the court would not permit the defendant Charles Shambrock to offer testimony as to his and the defendant Tony Rakiec's whereabouts because of a failure to file a bill of particulars in accordance with the provisions of the so-called "Alibi Statute." This motion was denied and exceptions were taken to the denial of the motions.

The only witness sworn on behalf of the defendants was Charles Shambrock, one of the defendants. Upon his direct examination the following occurred: " Q. Did you have occasion the evening or night of August 31 to see Rakiec? A. No, sir. Q. Well, did he live at the same place you did? A. Yes, sir. Q. Did you see him there in the early morning of September 1? Mr. Reynolds: Just a minute. I object to this, if the Court please, on their alibi. Mr. Hoover: This isn't a question of alibi. What in the world are you talking about? Mr. Reynolds: Well, listen. Read the question, will you please, Mr. Berry? (The last question was read by the stenographer.) Mr. Reynolds: I make that objection, if your Honor please, establishing his presence elsewhere than the scene of the crime. Mr. Hoover: That isn't an alibi, for the goodness sakes; a defendant has a right to testify as to his whereabouts. I am going to bring him right down through that evening. The Court: Overruled. (The last question was read by the stenographer.) Mr. Reynolds: If your Honor please, the question: ' Did you see him to your house on Grand Central Avenue in the early morning hours of September 1? ' is direct contravention of this crime of September 1 at the Goodyear Service. Mr. Hoover: Wait a minute. Will you let me establish the time? I will withdraw it for the present. By Mr. Hoover: Q. Did Tony Rakiec live at Fortuna's, too? A. Yes, sir. Q. Did he have a room near you in that Inn, or did he have a room— A. Yes, sir, on the same floor. Q. Where with reference to your room? A. He was three rooms away from my room. Q. Now then, on September 1, the early morning of September 1, 1938, did you see the defendant, Tony Rakiec, there at the Fortuna Inn? A. Yes, sir. Mr. Reynolds: Now, I ask that that be stricken out, if your Honor please. That question is directly in contravention of the alibi. The Court: Well, it doesn't show what time. Mr. Reynolds: I ask counsel to name a time. Mr. Hoover: You will find out. Mr. Reynolds: No, I ask that he name a time. The Court: Overruled. Mr. Reynolds: Exception. By Mr. Hoover: Q. Where was he at the time you saw him? A. He was going across in front of my room to another man's room. Q. Did there come a time when you and he left that establishment in the early morning of

September 1, 1938? A. Yes, sir. Q. Do you know about what time it was? A. When we were leaving Fortuna's Inn it was about three or four minutes of one. Q. How do you know that? Mr. Reynolds: And now, if your Honor please — about one o'clock. Now, he is establishing their presence in this Fortuna Inn. The Court: Overruled. Mr. Reynolds: Exception. By Mr. Hoover: Q. All right. Go ahead. A. We were leaving about three or four minutes to one o'clock on account Tony was getting the car and I happened to look into the bar room of Fortuna's Inn, and about the walls, and a big clock on the wall, a big twelve by twelve clock. Q. So that you left there at two or three minutes of one? A. Yes, sir. Q. The morning of September 1, where did you go from there? A. We went to the Manhattan Restaurant. Mr. Reynolds: Now, if your Honor please, what in the world is the use of an alibi notice if they could establish their presence elsewhere than the scene of the crime? Mr. Hoover: The alibi notice is the information of the District Attorney. Mr. Reynolds: What good is it? Mr. Hoover: The alibi notice is the — Mr. Reynolds: Listen, I don't need any information from you. I want a ruling from the Court. Mr. Hoover: All right. Go ahead. They weren't at the scene of the crime — Mr. Reynolds: Well, evidently you can't furnish testimony — Mr. Hoover: Yes, I can. Of the defendants. Mr. Reynolds: But the alibi notice specifically states — Mr. Hoover: If I am to produce other alibi witnesses. Their plea of ' Not guilty ' shows they were not there. That is ridiculous. Otherwise, it would nullify a plea of ' not guilty.' The Court: If the defendant intends to offer, for any purpose whatever, testimony tending to establish his presence elsewhere, he must serve upon such prosecuting officer and file a bill of particulars setting forth in detail the place or places where the defendant claims to have been. Mr. Hoover: But that does not apply, if your Honor please, to the testimony of the defendant, himself. If he intends to offer testimony of anyone else. The Court: It doesn't say ' by witnesses.' It says, ' testimony.' Mr Hoover: It stands to reason, if your Honor please, you certainly can't deprive the defendant of the right to testify. The Court: You are not depriving him of the right to testify. Mr. Hoover: He has plead ' Not guilty ' under section 393 of the Code. Mr. Reynolds: You see, if the Court please, if he had furnished the bill of particulars as required by this section we would have been able to investigate and find out whether he was in this place where he claims he was. Mr. Hoover: Well, they have already investigated and apparently tried to place him somewhere else. At this time I ask for a mistrial and an opportunity to apply for a bill of particulars, then, so that I

may swear this witness. It is an entire dereliction of this testimony. The Court: All you had to do was to furnish the bill of particulars. Mr. Hoover: I didn't understand, nor do I understand. For instance, if I attempted to bring in any police officers or witnesses, or any other witnesses of that kind, that is different. But this all falls under the plea of 'Not guilty.' Mr. Reynolds: Your Honor, I ask that the last two questions and answers be stricken out and the jury instructed to disregard them. The Court: Strike it out. Mr. Hoover: I move at this time for an adjournment and the opportunity of providing a bill of particulars, then, to the end this witness may be sworn to the end of justice and a fair trial. Mr. Reynolds: If your Honor please, the counsel for the defendant here has had since the 19th day of November, 1938, to file a bill of particulars and it seems that he should have had ample time instead of coming in here and asking at this late hour for an adjournment. Mr. Hoover: During part of that time, as you know and as this Court well knows, I was incapacitated and the District Attorney was incapacitated. The Court: The District Attorney's being incapacitated didn't prevent you from filing a bill of particulars. Mr. Hoover: That is right, but I didn't know when the trial would come up. Mr. Reynolds: He objected to it when this notice was filed way back in November. He called your Honor's attention that this bill of particulars must be filed within four days thereafter, after the notice. Mr. Hoover: If it applies to the defendant, which I don't believe it does. The Court: I don't see how anybody could possibly read it to not apply to the defendant. Mr. Hoover: If that is possible, you could always nullify a plea of 'Not guilty,' which I don't believe you could do. If that is so, the defendant is not entitled to a trial. The Court: All you had to do was file a bill of particulars showing where you claim the defendant was at the time the crime was alleged to have been committed. Mr. Hoover: We don't know the time of the crime yet. There isn't anything in this preliminary examination that shows that. The Court: Motion denied. Mr. Hoover: Exception. At this time— My motion for what? For the adjournment? The Court: For the adjournment. Mr. Hoover: I move at this time for a mistrial upon the grounds the defendant's rights here are prejudiced by the Court's ruling that the defendant is stopped from proceeding and testifying under his plea of 'Not guilty.' The Court: Motion denied."

Among other things the court said: "I don't see how anybody could possibly read it [section 295-l of the Code of Criminal Procedure] to not apply to the defendant."

Thus we see that the defendant Shambrock was prevented from testifying in his own behalf as provided by section 393 of the Code of Criminal Procedure.

Section 295-l of the Code of Criminal Procedure did not repeal the provisions of section 393 of the Code of Criminal Procedure.

Where a defendant has been deprived of the benefits of section 393 of the Code of Criminal Procedure he was not accorded a fair trial. (*People* v. *Wujanik,* 239 App. Div. 764, 765; *People* v. *Fitzgerald,* 156 N. Y. 253; *People* v. *Mantin,* 184 App. Div. 767; *People* v. *Rosenzweig,* 135 Misc. 324.)

There is nothing contained in section 295-l of the Code of Criminal Procedure which compels a defendant to incriminate himself nor is there anything which compels him to give any information to the district attorney, unless he voluntarily and for his own benefit intends to use an alibi defense. (*People* v. *Schade,* 161 Misc. 212.)

There are two States where similar alibi statutes are in force and their constitutionality has been expressly and impliedly upheld. (*People* v. *Wudarski,* 253 Mich. 83; 234 N. W. 157; *People* v. *Marcus,* 253 Mich. 410; 235 N. W. 202.)

In the case of *State* v. *Thayer* (124 Ohio St. 1; 176 N. E. 656) the defendant, whose alibi testimony had been excluded because he did not serve a bill of particulars of his defense of alibi, was convicted by the trial jury. Upon appeal to Ohio's Court of Appeals he directly attacked the constitutionality of the statute. That court held the alibi law unconstitutional. Upon appeal by the State's Attorney to the Ohio Supreme Court, its highest court, that court reversed the finding of the Ohio Court of Appeals and held the statute constitutional and said:

" The trial court excluded the testimony of certain witnesses offered by Thayer for two purposes: First, to establish an alibi; and, second, to contradict testimony offered by the State tending to establish that Thayer was in Stark County at the time named in the indictment. Thayer contended that at the time named in the indictment he was not in Stark County, but was in Canada on a fishing trip with witnesses whose testimony he was offering in support of his defense of alibi. The trial court rejected this testimony because the fact was admitted by Thayer that he had not given the prosecuting attorney before trial the notice required by Section 13444–20, General Code, known as the alibi law.

" The Court of Appeals held that Thayer was not required to give such notice for two reasons, that is to say: First, that Section 13444–20 is unconstitutional, and, second, that even if it were constitutional, the testimony could not rightfully be excluded

although it tended to establish an alibi, because the evidence offered was competent on the other ground, that it tended to contradict testimony offered by the State in support of the charge in the indictment.

" We cannot concur with the Court of Appeals in the reasons assigned by that Court to sustain the unconstitutionality of Section 13444-20. This law pertains to a very important feature of the Criminal Law. It gives the State some protection against false and fraudulent claims of alibi often presented by the accused so near the close of the trial as to make it quite impossible for the State to ascertain any facts as to the credibility of the witnesses called by the accused, who may reside at some point far distant from the place of trial. Thayer was not denied the right to testify himself fully as to his whereabouts at the time covered by the indictment. To admit such testimony from other witnesses on the ground that it tends to contradict testimony offered by the State is simply an indirect way of nullifying the statute entirely. Manifestly any alibi testimony must, in the very nature of things, contradict the evidence offered by the State, for the obvious reason that if the accused was not in the county and State at the time named in the indictment, then he cannot be guilty as charged, excepting, of course, instances in which he has aided or abetted or induced another to commit the crime during his absence from the place of the crime."

In that case Thayer was not denied the right to testify fully as to his whereabouts at the time covered by the indictment. In this case the court refused to let the defendant Shambrock testify fully as to his whereabouts and, therefore, denied him his rights under section 393 of the Code of Criminal Procedure.

Section 295-1 of the Code of Criminal Procedure does not apply to the testimony of defendants but only of other witnesses produced for the purpose of giving evidence upon the question of an alibi.

The defendants having been denied the privilege of testifying under section 393 of the Code of Criminal Procedure have not been given a fair trial and the judgment of conviction is reversed and a new trial granted upon the law and the facts upon the ground that the defendant Shambrock was not permitted to testify fully as to his whereabouts on the night of the alleged crime.

HILL, P. J., HEFFERNAN and SCHENCK, JJ., concur; BLISS, J., dissents, with an opinion.

BLISS, J. (dissenting). I respectfully dissent from the opinion for reversal.

Section 295-1 of the Code of Criminal Procedure is very broad and by its plain terms prevents a defendant as well as other witnesses

in his behalf from testifying to his presence elsewhere than at the scene of the crime unless he has given a bill of particulars when demanded by the prosecuting officer. The statute makes no exception when the defendant himself offers to testify to the alibi. There is nothing in the statute which would prevent a defendant or other defense witness from testifying that he was not at the scene of the crime. However, if he desires to prove his presence elsewhere at the time the crime was committed and the district attorney has served the demand mentioned in the statute, then the defendant must follow the procedure outlined in the statute before he may give such testimony. The statute relates only to the procedure to be followed in advance of the trial. A defendant, by following such procedure, may prove an alibi by himself or others. There has been no deprivation of a substantial right. Although the statute by its own terms provides otherwise, the majority are about to read into it an exception to the effect that it does not apply when a defendant himself offers to testify to the alibi. I feel that we have no recourse other than to accept the law as written.

Judgment of conviction reversed upon the law and facts, and new trial granted upon the ground that the defendant Shambrock was not permitted to testify fully as to his whereabouts on the night of the alleged crime.