■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MONA SILVERMAN, Appellant.— HAMM, J. Appeal from a judgment of County Court convicting the defendant on four counts of an indictment charging (1) that the defendant " did sell, barter or exchange " a quantity of marijuana, (2) possession of the same quantity " with intent to barter, or exchange with or to sell or give to another ", (3) possession of another and separate quantity of marijuana with intent " to barter or exchange with or to sell or give to another " and (4) possession of marijuana. There was nothing in the record to show that the defendant was in any way associated or acted in business with any seller of drugs or that she had entered into a conspiracy with the vendor or that she was associated in any way with the enterprise of the vendor or that she profited in any manner by the transaction. The facts show that the defendant acted solely at the behest of the District Attorney's investigator and in his interest, making a purchase with money which the investigator gave to her for that purpose and thereupon delivering to the investigator the drugs so purchased. One who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics. The first and second counts of the indictment are required to be dismissed. The prejudicially erroneous charge of the court on the question of entrapment, to which exception was taken, requires no comment in view of the conclusion we have reached. As to the third count of the indictment, subdivision 2 of section 1751 of the Penal Law establishes a presumption of intent by proof of knowing possession or control of " one or more ounces, containing any cannabis ". The People's testimony established that items found in the defendant's room weighed less than one ounce or at least failed completely to establish a total weight equal to one ounce. As no statutory presumption arose and as there was an insufficiency of evidence to establish beyond a reasonable doubt the existence of the intent charged in the third count of the indictment, this count must also be dismissed. Finally, the judgment of conviction of the misdemeanor accusation, the fourth count, must be reversed. Two written statements of the defendant were received in evidence over objection without mention by the court to the jury at any time of their voluntariness and with no submission of the issue with appropriate instructions to the jury either at the time of reception or in the charge of the court or at any time during the trial. Exception was taken to the charge but no request was made for a further charge. The facts permitted different conclusions and the failure to leave to the jury,

under a proper submission and appropriate instructions, to say whether or not the statements were voluntary, affected so basic and fundamental a right that justice requires a new trial (Code Crim. Pro., § 527). Upon remittal the pretrial and other procedures mandated by *People* v. *Huntley* (15 N Y 2d 72) must be followed. Judgment reversed, on the law and the facts; the first, second and third counts of the indictment dismissed, and a new trial of the fourth count of the indictment ordered. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.