Per Curiam.

We find no significant difference between section 295-1 of the Code of Criminal Procedure, applicable here, and the notice-of-alibi statute of the State of Oregon held unconstitutional by the United States Supreme Court in Wardius v. Oregon (412 U. S. 470). Accordingly we hold section 295-1 unconstitutional.
We recognize, however, “ the principle that in criminal litigation concerning constitutional claims, ‘ the Court may in the interest of justice make the rule prospective ’ ” (Johnson v. New Jersey, 384 U. S. 719, 726). In our view section 295-1 as applied in this instance did not operate to exclude testimony. In response to the District Attorney’s demand, defendant here furnished the names of his alibi witnesses. Their testimony was admitted on trial, as was that of the prosecution’s rebuttal witnesses. The statute operated only to deny defendant advance notice of the identity of these rebuttal witnesses, and to this extent to hinder his preparation to impeach, discredit or rebut their testimony. He was not, however, inhibited in his own opportunity by direct evidence to establish his alibi. The infringement of defendant’s rights went only to a collateral though not unimportant issue. Thus, we conclude that on this record the operation of the rule did not go to “ the very integrity of the fact-finding process ”; rather it touched on procedural fairness to defendant.
On the basis of this evaluation we hold that Wardius and our present decision shall apply to cases in which the trial began after June 11, 1973, the date of the Supreme Court decision in Wardius (cf. Linkletter v. Walker, 381 U. S. 618; Tehan v. Shott, 382 U. S. 406; Johnson v. New Jersey, supra; Stovall v. Denno, 388 U. S. 293; see People ex rel. Cadogan v. McMann, 24 U S 2d 233), but shall not apply to cases where the trial began prior to that date, unless, as occurred in Wardius but unlike the situation here, the rule was applied to prevent a defendant from introducing testimony to support his alibi defense as a sanction for his failure to comply with the notice-of-alibi statute. *924 We do not reach the question as to retroactivity on direct appeal in such cases and leave that determination to another day.
We have examined appellant’s other contentions and find them to be without merit.
Accordingly the order of the Appellate Division is affirmed.
Judges Burke, Breitel, Jasen, Gabbielli, Jones and Waohtler concur in Per Curiam opinion; Chief Judge Fuld taking no part.
Order affirmed.