■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSE MORALES, Appellant.— Judgment, Supreme Court, New York County, rendered April 4, 1972, convicting defendant, after a jury trial, of criminally selling a dangerous drug in the third degree, unanimously reversed, on the law, and a new trial directed. On September 21, 1970 an undercover police officer, Detective Webster, allegedly purchased a quantity of heroin from the defendant on the sidewalk at the corner of 123rd Street and Lexington Avenue. Webster's so-called backup team, Patrolmen Raines, Lauver and O'Grady, were stationed in a car parked about a half block from the scene of the alleged sale. Upon seeing Webster signal that he had made a purchase, the backup team drove to a pre-arranged point where Webster sealed, signed and left the purchased drug. Webster then entered a truck and drove back to the scene of the purchase where, after driving around the block several times, he again saw defendant standing

on the same corner at which time he radioed the backup team to arrest the defendant. Later that day, Webster went to the precinct station where defendant was being held and had the defendant produced so that he might view him through a two-way mirror. His stated reason for so doing was to make sure that the backup team had arrested the right man. No lineup was assembled nor was defendant informed of his right to have counsel present at the viewing. At the trial Webster made an in-court identification of the defendant based on the original purchase. Over objection he was also permitted to testify to his later identification at the precinct station. If intended to aid in identification, the viewing at the precinct station was clearly improper. (*United States* v. *Wade*, 388 U. S. 218; *People* v. *Ballott*, 20 N Y 2d 600; *People* v. *Brown*, 20 N Y 2d 238, 243, 244.) At the trial, two of the backup officers identified the defendant as the person they saw communicating with Webster at the time of the sale while a third, Patrolman Raines, although identifying the defendant as the person arrested, was unable to identify him as a participant in the sale. The vice of permitting Webster's testimony of the jail house viewing was not so much that it tended to strengthen Webster's in-court identification but rather that it was calculated to bolster the testimony of the two backup patrolmen identifying the defendant with the actual sale based on their observation a half block distant. Its admission constituted material error. The defense was based largely on an alleged alibi. Prior to the trial the defendant served a "notice of alibi" pursuant to CPL 250.20. At the trial defendant attempted to call as an alibi witness a woman whose name was not set forth in the notice, and upon objection the court refused to permit the witness to testify because of that omission. The trial commenced January 19, 1972 and defendant was sentenced April 4, 1972. In *Wardius* v. *Oregon* (412 U. S. 470), decided June 11, 1973, the United States Supreme Court held an Oregon "notice-of-alibi" statute, similar to CPL 250.20, unconstitutional because it failed to provide for reciprocal discovery requiring the People to disclose the names of proposed witnesses to rebut the alleged alibi. In *People* v. *Bush* (33 N Y 2d 921, 923) our Court of Appeals said "we hold that *Wardius* and our present decision shall apply to cases in which the trial began after June 11, 1973, the date of the Supreme Court decision in *Wardius* * * * but shall not apply to cases where the trial began prior to that date, unless, as occurred in *Wardius* * * * the rule was applied to prevent a defendant from introducing testimony to support his alibi defense as a sanction for his failure to comply with the notice-of-alibi statute." In the light of *Wardius* and *Bush*, it was error to reject the testimony of the proposed alibi witness and it may not be said that defendant was not prejudiced thereby. We have considered other allegations of error and find them without merit. Concur — Markewich, J. P., Nunez, Kupferman, Murphy and Macken, JJ.