■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARGARET BONOMO, SR., et al., appellants.—Appeal by defendants from two judgments of the Supreme Court, Kings County (one as to each defendant), rendered August 10, 1973, convicting them of assault in the first degree (two counts), after a nonjury trial, and imposing sentence. Judgment as to defendant Margaret Bonomo, Sr., affirmed. The case as to said defendant is remitted to the trial court, for proceedings to direct her to surrender herself to Criminal Term in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Judgment as to defendant Margaret Bonomo, Jr., modified, as a matter of discretion in the interest of justice, by reducing the sentence on each count from an indeterminate prison term of a maximum of three years to a five-year period of probation, and case remanded to the Criminal Term to fix the conditions of probation and for proceedings to direct said defendant to surrender herself to said court in order that execution of the sentence be commenced or resumed (CPL 460.50, subd. 5); and said judgment affirmed as so modified. Although the notice-of-alibi statute (CPL 250.20) was probably unconstitutional prior to its modification in 1974, because of its failure to provide reciprocal rights to the accused *(Wardius v Oregon,* 412 US 470; *People v Bush,* 33 NY2d 921; *People v Morales,* 43 AD2d 917), on this record the *Wardius* and *Bush* cases should not be given retroactive application *(Wardius v Oregon, supra,* p 479; *Adams v Illinois,* 405 US 278, 280–281; *People v Bush, supra,* p 923). The nonjury trial began on June 6, 1973. Defendants, mother and daughter, both testified that at the time of the commission of the crime the daughter was visiting a friend, whose name and address were given. The complainant and two witnesses who had observed the incident from a short distance testified to the daughter's presence at and participation in the assault. All these three witnesses had been neighbors of defendants for a number of years. Under these circumstances, the trial court's refusal to permit testimony by an alibi witness, because of defendants' failure to give the required notice, did not infect the verdict (cf. *People v Morales, supra).* Considering the age and background of defendant Margaret Bonomo, Jr., the sentences imposed upon her were excessive to the extent indicated herein. We have examined defendants' other contentions and find them to be without merit. Latham, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS D. BOOTH, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 20, 1974, convicting him of criminally selling a dangerous drug in the third degree and criminal possession of a dangerous drug in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No questions as to the facts upon which the judgment is based have been raised or considered. In our opinion, the trial court erred in refusing to instruct the jury that, if it found that defendant had acted solely as the agent of the buyer, he could not be convicted of the crime of selling narcotics *(People v Lindsey,* 16 AD2d 805, affd. 12 NY2d 958; *People v Silverman,* 23 AD2d 947; *People v Branch,* 13 AD2d 714). Rabin, Acting P. J., Hopkins, Martuscello, Cohalan and Christ, JJ., concur.