■ In the Matter of PRESIDENTIAL DEVELOPMENT AND NEW TOWN DEVELOPMENT CORP., Respondent, v ROBERT Z. SROGI, as Commissioner of Assessment of the City of Syracuse, Appellant. (Appeal No. 2.)—Order unanimously affirmed, without costs. Same memorandum as in *Matter of Presidential Plaza Corp. v Srogi* (50 AD2d 717). (Appeal from order of Onondaga Supreme Court in proceeding to review tax assessments.) Present —Moule, J. P., Simons, Mahoney, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARL E. STROMBERG, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: The sentence of the court was "that he be committed to the custody of the State Department of Corrections and shall serve in State prison for a term of not less than eight years, four months, nor more than 25 years". The relator was in fact committed to the custody of the State Department of Corrections and not to "State prison" and therefore, the correctional authorities properly complied with both the sentence of the court and the Penal Law. The surplus language had no harmful effect. (Appeal from judgment of Wyoming County Court denying application for a writ of habeas corpus.) Present— Marsh, P. J., Moule, Goldman, Del Vecchio and Witmer, JJ.

■ PATRICK YANNATONE, an Infant, by His Father and Natural Guardian, CHESTER YANNATONE, et al., Plaintiffs, v ALLEN LEMCKE Defendant, and ALLEN LEMCKE, Third-Party Plaintiff-Appellant. CHESTER YANNATONE, Individually and as Father and Natural Guardian of PATRICK YANNATONE, et al., Third-Party Defendants-Respondents.—Order unanimously affirmed, without costs upon the opinion at Special Term, Wagner, J. (Appeal from order of Monroe Supreme Court in negligence action.) Present—Marsh, P. J., Moule, Goldman, Del Vecchio and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK EX REL. WILLIAM WRIGHT, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: In this appeal from a judgment which denied a petition for a writ of habeas corpus, petitioner contends that he was denied due process because at the time of his trial, which commenced on July 31, 1972, he was required to furnish the People with a list of alibi witnesses without the opportunity to obtain a corresponding list of rebuttal witnesses in return. Section 295-1 of the Code of Criminal Procedure, which mandated such a procedure, was held unconstitutional in *People v Bush* (33 NY2d 921). By its terms, however, the *Bush* case does not apply to trials which commenced prior to June 11, 1973, unless the statute was applied to prevent a defendant from introducing testimony to support his alibi defense as a sanction for failing to comply. That was not the situation here. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.