OPINION OF THE COURT
Rose L. Rubin, J.
In response to service by the People of a demand for notice of alibi, defendant moves, pretrial, for an order declaring unconstitutional CPL 250.20, the notice of alibi statute, or, in the alternative, for "full” reciprocal discovery thereunder. This statute was amended in 1974 to conform to the criteria set forth by the United States Supreme Court in Wardius v Oregon (412 US 470), which declared the alibi witness statute in Oregon unconstitutional because it lacked provision for reciprocal discovery by defendant of the People’s witnesses who would rebut defendant’s alibi witnesses. In People v Bush (33 NY2d 921), the New York Court of Appeals declared the predecessor notice of alibi statute unconstitutional, following Wardius. Thereafter, New York State’s notice of alibi statute was redrafted. It was patterned on a Florida statute which had previously been found constitutional in Williams v Florida (399 US 78).
CPL 250.20 now requires the prosecutor, within a reasonable time after receiving defendant’s list of alibi witnesses, but not later than 10 days before trial, to serve upon defendant a list of witnesses, with related information, he proposes to offer in rebuttal to discredit defendant’s alibi. However, unlike the Florida statute, CPL 250.20 excludes disclosure of a witness who will testify that the defendant was at the scene of the crime as an alibi rebuttal witness. Defendant argues that this provision vitiates the reciprocity mandated by Wardius and renders the current statute violative of due process.
The court finds that the constitutional attack is without merit. The sentence in the statute which defendant challenges is merely declaratory of the law and introduces no deviation *949 from Wardius or Bush. The rationale of Wardius and Bush is that disclosures cannot be required from defendant in the absence of correlative disclosure by the prosecutor. With respect to alibi witnesses supplied by defendant, the correlative disclosure relates to witnesses who would discredit the alibi witnesses. Such rebuttal evidence cannot logically be construed, as defendant urges, to a list of People’s witnesses who place defendant at the scene of the crimes and whose testimony will be part of the People’s case in chief.
There is no due process requirement that the People disclose before trial its witnesses who will testify on its direct case. The definition of alibi rebuttal witness, which excludes "[a] witness who will testify that the defendant was at the scene of the crime” (CPL 250.20, subd 2), preserves this privilege to the People. Due process requires only reciprocal discovery of those witnesses the People intend to offer in rebuttal of his alibi defense. According to defendant, every witness whose testimony places defendant at the scene of the crime is a rebuttal witness to an alibi defense. But evidence which places a defendant at the scene of the crime is part of the People’s direct case and cannot be presented for the first time in rebuttal of an alibi defense (People v Richardson, 25 AD2d 221). Indeed, rebuttal evidence is limited to evidence which directly challenges defendant’s alibi witnesses and which disproves that defendant was where he claims to have been.
A strong presumption of constitutionality attaches to any statute duly enacted by the Legislature. In order to declare the law unconstitutional, the invalidity of the law must be demonstrated beyond a reasonable doubt (People v Pagnotta, 25 NY2d 333, 337). Defendant’s constitutional attack here is predicated upon the statutory definition of an alibi rebuttal witness.
In commenting on this statute, Joseph W. Bellacosa concludes (Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, 1978-1979 Supplement, CPL 250.20, p 245): "It may be that this legislative attempt to satisfy Wardius as narrowly as possible * * * will be challenged on the ground that Wardius is grounded on broader reciprocal discovery rights which are coming of age in the administration of criminal justice anyway. Except insofar as individual cases may disclose indirect violation of the defendant’s reciprocal discovery rights, there is doubt that this *950 general or broader constitutional attack would be successful. Here it seems the law will have to await enlightened and broader discovery rights enacted by our legislature.”
Based on the foregoing, defendant’s motion for an order declaring the notice of alibi statute unconstitutional, is denied. His motion for "full” reciprocal discovery, meaning the names of the People’s witnesses who will place him at the scene of the crime, is likewise denied.