OPINION OF THE COURT
Howard E. Goldfluss, J.
The defendant seeks to have this court declare CPL 250.20 (subd 2) unconstitutional. He bases this request on what he alleges is “lack of meaningful reciprocal discovery.” Its predecessor statute, section 295-l of the Code of Criminal Procedure, was in fact declared unconstitutional (see People v Bush, 33 NY2d 921) because of the lack of a requirement for reciprocal discovery on the part of the prosecution, as mandated by the Supreme Court of the United States in Williams v Florida (399 US 78) and Wardius v Oregon (412 US 470). The defendant contends that the successor and present New York statute, CPL 250.20, although providing for reciprocity, is in effect meaningless and does not conform with the mandate or the spirit of Williams and Wardius because of what he contends is an extreme limitation on the defendant’s reciprocal discovery rights.
The defendant, in his moving papers, states that his defense is alibi. He does not quarrel with that portion of the statute requiring him to divulge to the prosecutor the *901 place or places the defendant was alleged to have been at the time of the incident, and the names and addresses of the alibi witnesses who would testify that he was present at this other place. However, he strongly questions the constitutionality of the following portion of the statute — “[w]ithin a reasonable time after receipt of the defendant’s witness list but not later than ten days before trial, the people must serve upon the defendant or his counsel, and file a copy thereof with the court, a list of witnesses the People propose to offer in rebuttal to discredit the defendant’s alibi at the trial * * * A witness who will testify that the defendant was at the scene of the crime is not such an alibi rebuttal witness.” (Emphasis added.)
The’Supreme Court in Wardius (supra) held that reciprocal discovery is required by fundamental fairness, and in the absence of the opportunity to discover the State’s rebuttal witnesses, the petitioner could not, consistent with due process requirements, be required to reveal his alibi defense.
The glaring and obvious defect in the Oregon statute was that it provided for no reciprocal discovery whatsoever. It had no provision requiring the State to reveal names and addresses it planned to use to refute an alibi defense. Clearly, the Oregon statute did not even approximate the position of defendants under the New York statute, and is incomparable for the purpose of this decision. On the other hand, Williams v Florida (supra) is enlightening because the Florida statute does specifically provide for reciprocal discovery in language that closely parallels the New York statute, except that it includes all witnesses — those who were present at the scene are not excepted (see Fla Rule Crim Pro 1.200 [see rule 3.200], quoted in Williams v Florida, supra, at p 104).
The basic objection arising from any statute which requires a defendant to disclose witnesses prior to trial is that the defendant is compelled to be a witness against himself, contrary to his Fifth and Fourteenth Amendment guarantees, because he must reveal the elements of his defense prematurely. This requirement, he asserts, interferes with his right to wait until after the State has *902 presented its case and then decided how to defend against it. But this contention has been refuted repeatedly (see Jackson v Fogg, 465 F Supp 177; State v Stump, 254 Iowa 1181, cert den 375 US 853; State v Baldwin, 47 NJ 379, cert den 385 US 980; People v Rakiec, 260 App Div 452; see, also, comment, Self-Incrimination Privilege: Barrier to Criminal Discovery?, 51 Cal L Rev 135). These cases point out that a defendant often decides that he has no choice but to testify and to call other witnesses in an effort to reduce the risk of conviction. The very act of calling them compels the revelation of their identity, and this together with their submission to cross-examination, may prove incriminating by furnishing the prosecutor with leads to incriminatory rebuttal evidence. This is the same jeopardy that defendant faces when he is required to give pretrial notice of alibi and name alibi witnesses.
The defendant herein, while accepting that procedure, alleges that the legitimization of such procedure arises only if “meaningful” reciprocal discovery is provided for. The court in Williams v Florida (supra) stated that the Florida statute was constitutional only because of the significant discovery rights there present. He therefore seeks this court conclude that the New York statute reciprocal discovery requirements are insignificant.
In the opinion of this court, defendant is seeking to apply incorrectly the mandate of the Supreme Court in Williams (supra) and Wardius (supra). Although the Florida statute is broader in its reciprocal discovery statute, and does not contain New York’s limitation, it is nevertheless the prerogative of New York to impose such limitation if it is based on a legitimate governmental interest. The New York discovery statute does not require the People to disclose the names and addresses of witnesses to a crime at pretrial stage. (See CPL 240.20.) It is urged by the People that the basis for this is an avoidance of the possibility of the harassment of witnesses. Whether such concern is real or fancied depends on each individual case, but it cannot be logically said that this concern is not a legitimate governmental interest. Moreover, for whatever reasons the New York State Legislature imposed restricted reciprocal discovery as it applies to alibi, there is a strong presumption *903 that it acted constitutionally. Legislative acts are presumed to be constitutional, and a court is obliged to uphold such legislative act wherever possible (see People v Nebbia, 262 NY 259), and should not declare a statute unconstitutional unless required to do so by the most cogent reasons or compelled by unanswerable grounds. Alternatives to a finding of unconstitutionality must always be sought. (See People v Epton, 19 NY2d 496; People v Heller, 33 NY2d 314.)
The defect in the Oregon statute as described by the Supreme Court in Wardius (supra, p 475) concerned the requirement that the defendant make full disclosure of his witness “while maintaining ‘poker game’ secrecy for [prosecution] witnesses”. The Florida statute eliminated that possibility, and by the same token so does the New York statute, which while not being as all inclusive as the Florida statute, has passed constitutional muster. (See Jackson v Fogg, 465 F Supp 177, supra; People v Morales, 37 NY2d 262; People v Olsen, 100 Misc 2d 947.) Perhaps a more liberal discovery • procedure in this area would be preferable, but that is a matter for the Legislature.
The determination is not to be construed or interpreted that the People, for tactical advantage, may withhold a witness whose testimony would be properly presentable on its direct case and use such witness in rebuttal to the alibi defense. Such tactics are impermissible (see People v Richardson, 25 AD2d 221). The type of rebuttal evidence herein is limited to direct challenge of the alibi witness — solely to disprove that testimony. If direct evidence of his presence at the scene were not offered until rebuttal stage, the People would be attempting, as Professor Bellacosa states in his Practice Commentary (McKinney’s Cons Laws of NY, Book 11A, CPL 250.20) an “End Run” around Wardius (supra) — not to be sanctioned.
Motion for protection order vacating and setting aside District Attorney’s demand for a bill of particulars with respect to alibi defense, and alternative relief, is denied.