■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FOGARTY, Appellant.—Levine, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 16, 1983, upon a verdict convicting defendant of the crimes of burglary in the first degree, burglary in the second degree and robbery in the first degree.

Defendant was found guilty of breaking into a basement apartment in the City of Albany and forcibly stealing some $17 from the occupant. The victim recognized defendant, whom he had seen before at Alcoholics Anonymous meetings, at bars and on one occasion when defendant gave him a ride home. Defendant was apprehended shortly after the burglary as he exited a bar located approximately two blocks from the scene. He voluntarily accompanied a police officer to the victim's apartment where he was readily identified as the perpetrator. At trial, the victim identified defendant as his assailant. He testified that defendant had grabbed him from behind in the hallway outside of his apartment, told him "I've got a .44 in your back", threatened to kill him, struck him

over the head with a hard object and absconded with the cash in his wallet. Defendant called four alibi witnesses who placed him at a bar at the time of the crime, each stating that defendant remained there until 11:00 P.M. or 11:30 P.M. on the day in question. The arresting officer testified on rebuttal that he had picked defendant up at 10:25 P.M. The jury found defendant guilty of burglary in the first degree, burglary in the second degree and robbery in the first degree.

On appeal, defendant contends, *inter alia,* that (1) County Court erred in refusing to suppress the victim's identification testimony since the showup conducted at the scene after the crime was impermissibly suggestive and no independent basis existed for the victim's in-court identification; (2) the evidence was insufficient to prove defendant's guilt of robbery in the first degree beyond a reasonable doubt; (3) defendant was denied the effective assistance of counsel; and (4) County Court erred in refusing to allow certain alibi testimony.

We are not persuaded by defendant's assertion regarding the victim's identification testimony. Since the showup was conducted shortly after and in close proximity to the scene of the crime, it was permissible in the interest of prompt identification *(see, People v Love,* 57 NY2d 1023, 1024-1025; *People v Dayter,* 112 AD2d 643, 646; *People v Brnja,* 70 AD2d 17, 23, *affd* 50 NY2d 366). There was little chance of an irreparable misidentification based on the showup, given the victim's prior acquaintance with defendant *(see, People v Adams,* 53 NY2d 241, 249), and that familiarity also provided an independent basis for an in-court identification *(see, People v Malloy,* 55 NY2d 296, 300, *cert denied* 459 US 847; *People v Smalls,* 112 AD2d 173, 174).

Defendant's claim that robbery in the first degree was not proven beyond a reasonable doubt, since no evidence was submitted to show that he displayed or possessed a dangerous instrument *(see,* Penal Law § 160.15 [3]), is unavailing. The victim's testimony to the effect that defendant told him he had a gun, threatened to kill him, and then struck him over the head with a hard object was sufficient under the circumstances to establish that defendant used or threatened the immediate use of a dangerous instrument; a hard object may be used as a dangerous instrument and it is not necessary that the weapon actually used be what the perpetrator represents it to be *(see,* Penal Law § 160.15 [3]; *People v Carter,* 53 NY2d 113, 116; *People v Pena,* 50 NY2d 400, 408, *cert denied* 449 US 1087; *People v Cwikla,* 46 NY2d 434, 442; *People v*

*Madeo,* 103 AD2d 901, 902; *cf. People v Dodt,* 61 NY2d 408, 414-415).

We are similarly unpersuaded by defendant's claim that he was denied the effective assistance of counsel due to his attorney's failure to request a charge regarding the People's burden of disproving his alibi defense. The jury was thoroughly instructed on the People's burden of proof, and that portion of the charge relative to defendant's alibi did not suggest any shifting of the burden to defendant. It is not claimed that defendant's counsel otherwise provided inadequate representation throughout the trial, and it cannot now be discounted, given the inconsistencies in defendant's alibi witnesses' testimony, that as a matter of trial tactics counsel may have chosen not to emphasize the alibi defense *(see, People v Norris,* 108 AD2d 760, 762).

Regarding defendant's contention that County Court erred in refusing to allow an alibi witness to testify, defendant failed to supply the People with a notice of alibi and the names of alibi witnesses at the appropriate time *(see,* CPL 250.20 [3]). However, the court allowed defendant additional time to notify the People and produce the witnesses for interviews. Four alibi witnesses testified at trial, and the testimony of the fifth witness would have been cumulative regarding defendant's whereabouts at the time of the crime. Accordingly, the refusal to allow that testimony did not constitute an abuse of discretion *(see,* CPL 250.20 [3]; *People v Cuevas,* 67 AD2d 219, 225; *People v Bonomo,* 47 AD2d 862).

We have reviewed defendant's remaining contentions and find them to be equally without merit.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.