■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PERALTA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered May 22, 1985, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not abuse its discretion in precluding testimony by the defendant's alibi witness as no notice of alibi had been served pursuant to CPL 250.20 (1) and the existence of this witness was not disclosed by the defendant until the last day of the trial *(see,* CPL 250.20 [3]). Although defense counsel stated that he was unaware of an alibi defense until the defendant testified that he was at his uncle's house when the shootings occurred, the defendant offered no explanation for the failure to disclose this alibi earlier, despite his knowledge of the identity and address of the witness. Even if we were to find that the court erred in precluding this testimony, any error would be harmless in light of the identification of the defendant by six witnesses to the shooting, including his cousin *(see, People v Bonomo,* 47 AD2d 862).

The defendant's contention that he was deprived of a fair trial due to the prosecutor's summation and the court's charge on intent is unpreserved for appellate review since no objection was raised at trial *(see, People v Nuccie,* 57 NY2d 818). Review of these issues is not warranted in the interests of

justice due to the overwhelming proof that the defendant deliberately shot his cousin in the head.

The defendant has failed to show that the sentence imposed was excessive *(see, People v Suitte,* 90 AD2d 80). The application for waiver of the mandatory $75 surcharge due to indigency is premature since the defendant is incarcerated (Penal Law § 60.35 [5]; *People v Perrine,* 111 AD2d 193). Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.