■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK CORPAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered April 14, 1988, convicting him of burglary in the second degree, assault in the second degree and attempted coercion in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant is a member of Black and Latin Economic Survival (hereinafter BLES), an organization whose ostensible purpose is to obtain jobs for its members in the construction industry. It was the People's theory that on May 13, 1987, the defendant and two others illegally entered a construction site in Brooklyn, demanded jobs from the construction supervisor, and, when he refused their demands, punched him in the eye causing damage to his vision.

The case proceeded to trial, and on Friday, March 18, 1988, the People and the defense gave their opening statements, and the construction supervisor testified. The trial was then adjourned until Monday, March 21, 1988. The People's case consumed all of that day, and was concluded during the morning session of court on the following day, March 22, 1988.

At the beginning of the afternoon session of court on March 22, 1988, the defense counsel asked the court for a ruling with respect to the admissibility of certain alibi evidence, viz., (1) a "business record of Mr. Clyde Williams * * * an associate" of the defendant at BLES, which would indicate that on May 13, 1987, BLES only visited jobsites in Manhattan, and (2) alibi testimony from Mr. Williams himself. The defense counsel conceded that he needed the ruling because his office "never served the District Attorney's office with notice of alibi". Moreover, the defense counsel neither explained his delay in making the application nor even indicated when he first learned of Williams and his business record. The court denied the defendant's motion, stating: "You didn't give alibi notice and at this point in the game, you can't bring in alibi witnesses". However, the court did grant the defendant a one-day adjournment.

On the following day, i.e., on March 23, 1988, the defense counsel renewed his application for leave to admit the proffered alibi evidence, stating that it was an "abuse of discretion to preclude an alibi defense even when no alibi notice is served". In colloquy with the court, the defendant's counsel stated: "Saturday, which was only a few days ago, five days ago to be exact, I was in my office and [the defendant] and a few members of the Black and Latin Economic Survival came to the office where they uncovered a business record of Mr. Clyde Williams who is as an associate of [the defendant]. It's a record made in the ordinary course of Mr. Williams' business." The court again denied the defense counsel's application. Specifically, with respect to Mr. Williams's business record, the court correctly stated:

"The record that I saw doesn't mention [the defendant]. There's no record of any of the employees, what they did. Certainly in your offer of proof there's been no foundation laid for the admission of that document in evidence.

"So for numerous reasons, I denied the application." With respect to the proffered alibi testimony of Clyde Williams himself, the court stated: "After the People have put their case in, now you've come up with an alibi witness. I think you violated not only the spirit of the law, but the letter of it."

On appeal, the defendant argues, *inter alia,* that despite his failure to give a timely notice of alibi to the People, as required by CPL 250.20 (1), (3), he was "denied a fair trial and due process of law when the trial court precluded him from offering as 'alibi' evidence, the testimony of Clyde Williams". We disagree with the defendant's argument.

CPL 250.20 (1) and (3) provide:

"250.20. Notice of alibi.

"1. At any time, not more than twenty days after arraignment, the people may serve upon the defendant or his counsel, and file a copy thereof with the court, a demand that if the defendant intends to offer a trial defense that at the time of the commission of the crime charged he was at some place or places other than the scene of the crime, and to call witnesses in support of such defense, he must, within eight days of service of such demand, serve upon the people, and file a copy thereof with the court, a 'notice of alibi,' reciting (a) the place or places where the defendant claims to have been at the time in question, and (b) the names, the residential addresses, the places of employment and the addresses thereof of every such alibi witness upon whom he intends to rely. For good cause shown, the court may extend the period for service of the notice. * * *

"3. If at the trial the defendant calls such an alibi witness without having served the demanded notice of alibi, or if having served such a notice he calls a witness not specified therein, the court may exclude any testimony of such witness relating to the alibi defense. The court may in its discretion receive such testimony, but before doing so, it must, upon application of the people, grant an adjournment not in excess of three days."

In the instant case, the defense counsel advised the court that he first discovered Clyde Williams's business record on Saturday, March 19, 1988. However, he was silent as to when

he learned that Williams himself was a potential alibi witness. Clearly, that discovery was made not later than Saturday, March 19, 1988, and may have been made earlier. Nevertheless, the defense counsel waited until the afternoon of March 22, 1988, at the conclusion of the People's case, before making his application to call Williams as an alibi witness. Nor was his application accompanied by an explanation for the delay. Under these circumstances, the court did not improvidently exercise its discretion in denying the defense counsel's application to call Williams as an alibi witness. As this court stated in *People v Peralta* (127 AD2d 803): "The trial court did not abuse its discretion in precluding testimony by the defendant's alibi witness as no notice of alibi had been served pursuant to CPL 250.20 (1) and the existence of this witness was not disclosed by the defendant until the last day of the trial *(see,* CPL 250.20 [3]). Although defense counsel stated that he was unaware of an alibi defense until the defendant testified that he was at his uncle's house when the shootings occurred, the defendant offered no explanation for the failure to disclose this alibi earlier, despite his knowledge of the identity and address of the witness."

Nor did the court's ruling denying the defense counsel's application to call Williams as an alibi witness violate the defendant's right to call witnesses in his behalf. As the United States Supreme Court stated in *Taylor v Illinois* (484 US 400, 414-415):

"In order to reject petitioner's argument that preclusion is *never* a permissible sanction for a discovery violation it is neither necessary nor appropriate for us to attempt to draft a comprehensive set of standards to guide the exercise of discretion in every possible case. It is elementary, of course, that a trial court may not ignore the fundamental character of the defendant's right to offer the testimony of witnesses in his favor. But the mere invocation of that right cannot automatically and invariably outweigh countervailing public interests. The integrity of the adversary process, which depends both on the presentation of reliable evidence and the rejection of unreliable evidence, the interest in the fair and efficient administration of justice, and the potential prejudice to the truth-determining function of the trial process must also weigh in the balance.

"A trial judge may certainly insist on an explanation for a party's failure to comply with a request to identify his or her witnesses in advance of trial. If that explanation reveals that the omission was willful and motivated by a desire to obtain a

tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence, it would be entirely consistent with the purposes of the Confrontation Clause simply to exclude the witness' testimony."

The decision in *Escalera v Coombe* (826 F2d 185) does not compel a different result. In *Escalera v Coombe (supra)*, the defendant was charged with a murder which occurred about 6:30 P.M. on August 18, 1975, in Fort Greene Park in Brooklyn. The defendant testified that he was with his friend Gonzalez from 5:30 to 7:30 P.M., except for the period from 6:00 P.M. to 6:30 P.M., when he was home eating and showering. Gonzalez was called as an alibi witness and was allowed to testify that he had been with Escalera except for the half-hour period at issue. The defendant then requested leave to call his brother to testify that the defendant was at home during the half-hour period not covered by Gonzalez's testimony, i.e., 6:00 P.M. to 6:30 P.M. The trial court precluded the defendant's brother from testifying "based on the discretion granted to him in section 250.20 (3), the lack of explanation for the late request, the likelihood that the jury would discredit testimony produced so late in the trial and the adverse impact the testimony and any continuance would have on his anticipated schedule for a pending trial" *(Escalera v Coombe, supra,* at 188). In granting the defendant a new trial, the United States Circuit Court of Appeals for the Second Circuit stated *(Escalera v Coombe, supra,* at 190-191): "Under the facts of this case we conclude that the state's interest in the truthful testimony of Peter Escalera could have been accommodated by a continuance as requested by the prosecuting district attorney to permit examination of Peter in the presence of a stenographer. The mere fact of surprise in the introduction of a witness to fill the gap in a previously announced alibi defense is not in itself prejudicial to the prosecution's case where, as here, it can be easily remedied". Apart from the fact that *Escalera v Coombe (supra)* was decided prior to the Supreme Court's decision in *Taylor v Illinois (supra)*, it is inapposite to the facts at bar. In *Escalera v Coombe (supra)*, the defense did provide a timely alibi notice to the People. It merely attempted to fill a gap in the witness Gonzalez's testimony by calling the defendant's brother. In the case at bar, no timely notice of alibi was ever furnished to the People, and no explanation was offered by the defense for its tardy application for leave to call Williams as an alibi witness. Under these circumstances, the preclusion of Williams's alibi

testimony was not error *(see, Taylor v Illinois, supra; People v Peralta, supra).*

We have reviewed the defendant's remaining arguments and find them to be without merit (CPL 470.15 [5]; *People v Contes,* 60 NY2d 620, 621; *People v Harper,* 124 AD2d 593; *People v Robinson,* 68 NY2d 541, 548; *People v Suitte,* 90 AD2d 80). Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.