■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MARSHALL, Also Known as LARRY MONTGOMERY, Appellant.—Appeals by the defendant from four judgments of the Supreme Court, Queens County (Posner, J.), all rendered August 1, 1988, convicting him of (1) criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree under Indictment No. 5437/86, upon his plea of guilty, and imposing sentence, (2) criminal sale of a controlled substance in the third degree under Indictment No. 4674/87, upon a jury verdict, and imposing sentence, (3) bail jumping in the first degree under Indictment No. 1859/88, upon his plea of guilty, and imposing sentence, and (4) attempted criminal sale of a controlled substance in the third degree under Indictment No. 10453/88, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

We find no error in the denial by the Supreme Court of the defendant's application to call an alibi witness since no notice of alibi had been served pursuant to CPL 250.20 (1) and the existence of this witness was not disclosed by the defendant until after the trial had already commenced *(see,* CPL 250.20 [3]; *People v Corpas,* 150 AD2d 710, 713; *People v Peralta,* 127 AD2d 803). The defendant offered no explanation for the failure to disclose the alibi earlier, despite his knowledge of the identity and whereabouts of the witness. Hence the court properly found that no good cause was shown for late service of alibi notice.

We find that the sentences imposed upon the defendant were neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review or

without merit. Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.