■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY DAVIS, Appellant. [597 NYS2d 780] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered November 5, 1990, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted for and convicted of criminal sale of a controlled substance in the third degree. He was sentenced as a second felony offender to an indeterminate term of imprisonment of 12½ to 25 years. On this appeal, defendant contends, *inter alia,* that the People failed to establish beyond a reasonable doubt each and every element of the crime charged. We disagree. Where, as here, there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the

basis of the evidence at trial", the test of legal sufficiency is satisfied and the verdict must be upheld *(People v Bleakley,* 69 NY2d 490, 495).

In this case, an informant was searched for drugs and money, was then given $50 and directed to buy a controlled substance from someone she knew. After being outfitted with a body wire, the informant went to the Sunrise Tavern in the City of Albany where she purchased from defendant what later was determined to be cocaine. She was followed to the Sunrise Tavern by a van in which Detectives John Burke and Timothy Murphy were riding. Burke monitored the taping equipment which recorded the conversation between defendant and the informant. While Burke did not witness the actual transaction, he observed defendant and the informant together. Murphy observed the entire transaction through a periscope and positively identified defendant at trial as the person with whom the informant engaged in the drug transaction on the evening in question. While a witness testified on behalf of defendant that he was present outside the Sunrise Tavern on the evening in question, that he spoke with the informant at that time and that defendant was not present that evening, that evidence merely presented credibility questions which the jury resolved against defendant. In light of the well-settled principles that the evidence upon a conviction must be viewed in the light most favorable to the People *(see, e.g., People v Holland,* 179 AD2d 822, 824, *lv denied* 79 NY2d 1050; *People v Alexander,* 176 AD2d 947, 948, *lv denied* 79 NY2d 852) and that credibility determinations are for the jury and should not be disturbed unless clearly unsupported in the record *(see, People v Bey,* 179 AD2d 905, 907, *lv denied* 79 NY2d 918, 1046; *People v Calabro,* 157 AD2d 736, 737, *lv denied* 75 NY2d 964), the evidence is legally sufficient to support the jury's finding.

Defendant next contends that County Court erred in admitting a tape recording of the transaction into evidence. We disagree. While it is clear that the People did not establish an unbroken chain of custody with regard to the tape, both the informant and the officer monitoring the tape testified that it was an accurate representation of the transaction in question which was sufficient to establish its authenticity *(see, People v Ely,* 68 NY2d 520, 527). Any claimed gaps in the chain of custody go to the weight of the evidence, not its admissibility *(see, People v McGee,* 49 NY2d 48, 60, *cert denied sub nom. Waters v New York,* 446 US 942).

We likewise reject defendant's claim that he was denied a

fair trial because County Court precluded the testimony of an alibi witness. Three days after commencement of the trial, defense counsel requested that an alibi witness be permitted to testify. Defense counsel conceded that he failed to file a notice of alibi as required by CPL 250.20 but sought to excuse such failure on the ground that he was defendant's third attorney. The record reflects, however, that defense counsel had represented defendant for at least five months prior to trial and, accordingly, County Court's refusal to permit the witness to testify, absent an excuse for failure to comply with CPL 250.20, was not improper *(see, People v Marshall,* 170 AD2d 463, *lv denied* 78 NY2d 956).

We have examined defendant's remaining contentions and find them to be without merit.

Mikoll, J. P., Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed.