■ The People of the State of New York, Respondent, v Jose Toro, Appellant. [604 NYS2d 189] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered January 4, 1993, convicting him of criminal possession of a weapon in the second degree, reckless endangerment in the first degree, criminal possession of a weapon in the fourth degree, menacing, criminal use of drug paraphernalia in the second degree, and harassment, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rosenzweig, J.), of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

The defendant was convicted of various charges after he assaulted his former girlfriend by threatening her with a gun and cutting her arm with the sharp edge of a broken plate. In order to retrieve the gun and to retrieve a bag of drug paraphernalia that she had seen the defendant place in a closet, the victim permitted the police to remove the front door to the apartment that she was sharing with the defendant. On appeal, the defendant argues that the hearing court should have suppressed both the gun and the drug paraphernalia as the fruit of an illegal warrantless entry into his home. We disagree.

Here, the victim had common authority over the premises in that she was the defendant's girlfriend and was living with him at the time of the assault, and so informed the police. Although the defendant has challenged the victim's status, we conclude that the hearing court correctly found that the police acted upon a reasonable, good faith belief as to her authority

*(see, People v Mills,* 159 AD2d 520; *People v George,* 150 AD2d 486; *People v Thomas,* 141 AD2d 781; *People v Garcia,* 63 AD2d 704). Thus, the search and subsequent seizure were legal and the hearing court properly denied the motion to suppress the gun and the drug paraphernalia *(see, People v Adams,* 53 NY2d 1, 8, *cert denied* 454 US 854; *United States v Matlock,* 415 US 164, 171).

Further, the trial court did not improvidently exercise its discretion when it precluded the defendant from presenting three alibi witnesses that were not timely and properly noticed under CPL 250.20, and for whom the defendant did not proffer a sufficient reason for the delay *(see, People v Caputo,* 175 AD2d 290; *People v Marshall,* 170 AD2d 463; *People v Corpas,* 150 AD2d 710; *People v Peralta,* 127 AD2d 803).

The defendant's sentence was neither harsh nor excessive and we decline to substitute our discretion for that of the trial court *(see, People v Suitte,* 90 AD2d 80, 86).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Balletta, J. P., Rosenblatt, Santucci and Joy, JJ., concur.