■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY GRAYSON, Appellant. [608 NYS2d 668] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered January 27, 1993, convicting

him of murder in the second degree (two counts), manslaughter in the second degree, criminal possession of a weapon in the second degree, and attempted robbery in the first degree (six counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's refusal to allow the defendant to substitute an alibi witness on his list after the court had already allowed him to present three alibi witnesses for whom late notice was served was not an improvident exercise of discretion *(see,* CPL 250.20 [3]; *People v Caputo,* 175 AD2d 290; *People v Corpas,* 150 AD2d 710, 711-715; *People v Bunting,* 134 AD2d 646, 648-649).

Viewing the evidence adduced at the trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Specifically, based upon the testimony of the surviving victim and one of the defendant's accomplices, as well as the ballistics evidence that connected the defendant's weapon to the murder victim's gunshot wound, the People proved that the defendant was a participant in the attempted robberies and that he fired the fatal shot. Moreover, the defendant's purported alibi, even if credited by the jury, still allowed it to find that the defendant was present at the scene when the crimes were committed.

The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Notably, the fact that one of the defendant's accomplices testified pursuant to a plea bargain did not render his testimony incredible *(see, People v Royall,* 172 AD2d 703).

We have reviewed the defendant's remaining questions and find that they are without merit. Thompson, J. P., Rosenblatt, Copertino and Hart, JJ., concur.