■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEANETTE MORRIS, Appellant. [632 NYS2d 231] —Mikoll, J. P. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered November 5, 1992, upon a verdict convicting defendant of the crimes of burglary in the first degree, burglary in the second degree, robbery in the first degree and grand larceny in the fourth degree.

The issues raised on appeal relate to whether there was an abuse of discretion in the denial of youthful offender treatment to defendant by County Court; whether County Court erred in denying defendant the opportunity to call an alibi witness and in its admission of a photo of defendant in evidence; and, finally, whether the sentence imposed was harsh and excessive.

The events underlying this appeal stem from a physical attack on the victim, Susan Ann Preiss, in her home in the City of Albany on September 7, 1993 when she permitted two girls, defendant and one other girl who remains unidentified, to enter her home under the guise of their needing to use the phone to call police for assistance. During the intrusion and attack on her, the victim's wallet, checkbook, address book and makeup case were stolen. Defendant brandished knives during the attack, during which the victim was struck in the head, pummelled with fists and kicked. Defendant was identified by the victim from a photo array and also from a lineup. She was indicted on a 10-count indictment involving the assault, robbery and burglary on the victim and for events of a similar nature relating to another incident for which no conviction occurred. This appeal ensued.

We find no abuse in County Court's denial of youthful offender status because of the nature and severity of the crimes, the violence involved and the invasion of the victim's home.

County Court correctly considered the serious nature of the crimes (*see, People v Thiessen,* 158 AD2d 737, 739, *mod* 76 NY2d 816) and defendant's substantial participation therein (*see, People v Gutkaiss,* 206 AD2d 584, 588, *lv denied* 84 NY2d 936, 1032). Additionally, County Court could properly consider that at the time of the commission of the instant crimes defendant was on probation after having been sentenced as a youthful offender, and conclude that there were no mitigating circumstances present warranting the grant of youthful offender status to her (*see, People v Thomas,* 206 AD2d 708, 709).

Defendant's argument that County Court erred by abusing its discretion in refusing to allow her to call an alibi witness not listed on the alibi list submitted pursuant to CPL 250.20 (3) (*see, People v Bunting,* 134 AD2d 646, 648, *lv denied* 70 NY2d 1004) also lacks merit. Defense counsel's excuse that he was not in the case when the alibi witness list was submitted by his predecessor, defendant's former attorney, could properly be rejected when, as here, the new defense counsel had been in the case for 11 to 12 months before making the belated 11th hour attempt to call the alibi witness (*see, People v Bunting, supra,* at 648-649; *People v Davis,* 193 AD2d 885, 887, *lv denied* 82 NY2d 716). Moreover, as the alibi witness's testimony would be cumulative since other adults were present in defendant's home at the time who were testifying on defendant's behalf, there was no abuse of discretion by County Court in its ruling (*see, People v Fogarty,* 122 AD2d 343, 345, *lv denied* 68 NY2d 812).

We also find no error in County Court's decision allowing a photo of defendant, obtained after an earlier arrest which ended in defendant's adjudication as a youthful offender, to be used in the identification of defendant in this case. Defendant claims that the photo should have been suppressed as part of her sealed record under CPL 720.35 providing that records pertaining to youthful offender adjudications are confidential and are not to be made available to the public. Defendant also urges that the similarity between CPL 720.35 and 160.50 (providing that following the termination of a case in favor of the accused, photographs are to be returned to the accused or the accused's attorney) (*see,* CPL 160.50 [1] [a]), requires that police use of the photo be considered a violation of CPL 160.50 (1) (a) and the photo suppressed. We disagree; the situations are not analogous (*see, People v Patterson,* 78 NY2d 711, 715; *see also, People v Gilbert,* 136 AD2d 562, 563, *lv denied* 71 NY2d 896, 72 NY2d 859; *People v London,* 124 AD2d 254, *lv denied* 68 NY2d 1001; *People v Gallina,* 110 AD2d 847, 848).

We find no reason to disturb the sentences imposed as harsh and excessive. The terms of imprisonment imposed (concurrent sentences, the longest of which was 7 to 21 years) were within the statutory limits for the serious violent crimes committed and defendant was on probation at the time of their commission. Defendant has shown no clear abuse of the County Court's sentencing discretion nor the existence of exceptional circumstances which would warrant modification (*see, People v Doane,* 208 AD2d 971, 973-974; *People v Charron,* 198 AD2d 722, 723, *lv denied* 83 NY2d 803).

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.