■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DON G. FAX, Appellant. [— NYS2d —] —Peters, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered July 28, 1994, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

On July 9, 1993, State Police Investigator Theresa Temple, working undercover and accompanied by an informant, visited Smalley's Tavern in the Village of Catskill, Greene County. After approaching defendant and asking, in slang, whether he had crack cocaine, defendant consummated a sale. Thereafter, Temple drove to a prearranged location, filled out necessary paperwork and identified defendant from a photo array. Temple returned that evening to Smalley's Tavern and conducted a second buy from defendant.

After indictment, defendant was arrested and remanded. Prior to trial counsel filed, *inter alia*, a demand for discovery and an omnibus motion seeking inspection of the Grand Jury minutes, dismissal of the indictment for legal insufficiency and a hearing, pursuant to *Mapp*, to ascertain whether the

photographic array used in defendant's identification was unduly suggestive.

After defendant's second bail reduction motion, which was ultimately successful, the People moved to preclude any testimony or evidence at trial which would be based upon an alibi defense since defendant failed to respond to their alibi demand (*see*, CPL 250.20). Defendant subsequently served his notice of alibi, over six months late, listing five intended alibi witnesses. After a suppression hearing, County Court denied defendant's motion to suppress the identification testimony yet permitted his statement of alibi, despite the late filing. The court thereafter conducted an in camera hearing to determine whether the People should be directed to disclose the identity of the confidential informant. Finding that the informant would not testify at trial, County Court ruled that the identity would not be disclosed.

When the jury trial commenced on May 31, 1994, it was then that defendant first requested permission to file an amended notice of alibi to add Regina Heyden as a witness. Initially reserving decision, County Court ultimately denied the request, finding that defendant failed to show "good cause" and that the proposed testimony would be cumulative. Convicted on each count of the indictment and sentenced to an indeterminate term of imprisonment of 9 to 18 years for each count, with such sentences to run concurrently, defendant now appeals upon a myriad of grounds, only some of which merit discussion.

Upon the prosecution of this appeal, when the court reporter was unable to locate her notes of the in camera hearing, the parties consented to a reconstruction hearing. Although ordered by County Court to produce the informant at the hearing, the People advised that he could not be found. Defendant's trial counsel thereafter located his notes from such hearing and used them to testify to all relevant events. Defendant now contends that due to the inability to fully reproduce the original testimony, County Court was unable to adequately reconstruct the hearing for effective appellate review. Upon our full review of the record, we find that it adequately discloses the existence of appealable and reviewable issues (*see*, *People v Glass*, 43 NY2d 283; *People v Powell*, 197 AD2d 544, 545, *lv denied* 82 NY2d 901).

As to defendant's reliance upon *People v Savvides* (1 NY2d 554) and *Giglio v United States* (405 US 150), we find it misplaced. While the credibility of a prosecution witness is always relevant, with evidence of any agreement for special

treatment requiring disclosure to the jury (*see*, *Giglio v United States, supra*; *People v Savvides, supra*), the informant here did not testify.

Addressing defendant's ineffective assistance argument based upon his counsel's failure to include Heyden in the first alibi notice, we do not find such failure, or others noted by defendant, to rise to the level of ineffective assistance (*see*, *People v Baldi*, 54 NY2d 137; *see also*, *People v Flores*, 84 NY2d 184; *People v Parker*, 220 AD2d 815, *lv denied* 87 NY2d 1023) since such notice included numerous witnesses who were to testify similarly (*cf.*, *People v Rojas*, 213 AD2d 56, *lv denied* 87 NY2d 907) and no conduct of counsel precluded the presentation of an alibi defense (*see*, *People v Barber*, 202 AD2d 978, *lv denied* 83 NY2d 908). We also reject any claim of error by County Court in failing to accept late service of the amended alibi notice due to defendant's failure to proffer an excuse sufficient to constitute "good cause" (CPL 250.20 [1]; *see*, *People v Davis*, 193 AD2d 885, *lv denied* 82 NY2d 716; *People v Marshall*, 170 AD2d 463, *lv denied* 78 NY2d 956). Given the cumulative nature of Heyden's testimony, we find no abuse of discretion (*see*, *People v Morris*, 220 AD2d 808, *lv denied* 87 NY2d 976; *People v Fogarty*, 122 AD2d 343, *lv denied* 68 NY2d 812).

Having examined and rejected defendant's remaining contentions, including his challenge to the sufficiency of the evidence to establish his guilt beyond a reasonable doubt (*see*, *People v Bleakley*, 69 NY2d 490), as well as the propriety of his sentence, we affirm the judgment in its entirety.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.