■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS AVILES, Appellant. [652 NYS2d 48] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered December 10, 1993, convicting him of arson in the second degree, burglary in the first degree, criminal mischief in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Affording appropriate deference to the County Court Judge, who had the opportunity to observe the defendant and his behavior in the courtroom (*see, People v Morgan,* 87 NY2d 878, 881), and being mindful of the various criteria relevant to a determination of competency to stand trial (*see, People v Picozzi,* 106 AD2d 413), we agree with the court's determination following a hearing that the defendant was not an incapacitated person (*see,* CPL 730.10 [1]).

We reject the defendant's contention that his right to counsel

was abridged when the trial court refused to substitute assigned counsel. While an indigent defendant has a right to a court-appointed lawyer, he does not have the right to his choice of assigned counsel (see, People v Sawyer, 57 NY2d 12, cert denied 459 US 1178; People v Jones, 213 AD2d 426). Since the defendant failed to demonstrate good cause for substitution, he was not entitled to new assigned counsel (see, People v Sawyer, supra; People v Medina, 44 NY2d 199; People v Jones, supra; People v Stubbs, 175 AD2d 187).

The defendant's contention that the County Court improperly admitted evidence of prior bad acts and uncharged crimes is without merit. This type of evidence is admissible where, as here, its probative value outweighs the risk of prejudice to the defendant (see, People v Hudy, 73 NY2d 40, 55; People v Alvino, 71 NY2d 233, 241-242). The testimony outlining the stormy relationship between the defendant and Roselind Colon, and the subsequent animosity between the defendant and Colon's brother, was central to establishing the defendant's motive for setting fire to the building where Colon's brother lived (see, People v Chase, 85 NY2d 493).

Finally, the trial court did not improvidently exercise its discretion when it precluded the defendant from presenting alibi witnesses on the ground that the defendant did not provide adequate notice under CPL 250.20, since the defendant did not proffer a sufficient reason for his failure to comply (see, People v Toro, 198 AD2d 532; People v Caputo, 175 AD2d 290; People v Marshall, 170 AD2d 463). In any event, the defendant introduced his alibi through his sister, Maria Cruz (see, People v Peralta, 127 AD2d 803). Sullivan, J. P., Krausman, Florio and McGinity, JJ., concur.