■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE MENSCHE, Appellant. [714 NYS2d 377] —Mugglin, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered February 13, 1998, upon a verdict convicting defendant of the crimes of robbery in the first degree (four counts), burglary in the first degree (four counts), burglary in the second degree, criminal use of a firearm in the first degree (two counts), criminal possession of stolen property in the fourth degree, criminal possession of a weapon in the fourth degree, conspiracy in the fourth degree (three counts) and criminal possession of stolen property in the fifth degree.

The charges underlying defendant's convictions stem from a series of robberies and burglaries committed in 1995 and 1997. The principal witnesses against defendant at trial were alleged to be his accomplices. According to the testimony of the two accomplices, each targeted residence was first surveilled to determine the most appropriate method to gain access. Once a method of access was determined, the three men, wearing camouflage outfits, masks and headsets for the purposes of communication, proceeded to execute their plan to gain access to the residence and take whatever worthwhile property, including drugs and cash, could be located. None of the victims of these robberies and burglaries could specifically identify the perpetrators, providing only a general description of body type, clothing and method of operation.

After obtaining statements from defendant's two accomplices, the focus of the police investigation became defendant. As a result, the police executed two separate search warrants at the residence of defendant and recovered therefrom various items alleged to be part of the proceeds of the robberies and burglaries under investigation. Defendant now contends that the prosecution failed to present any corroborative evidence in support of the testimony of the accomplices, defendant was improperly precluded from calling alibi witnesses, County Court erroneously failed to declare a mistrial when a codefendant became unavailable to testify as a result of illness, and prosecutorial misconduct in the form of misleading, inaccurate and prejudicial statements during the course of the trial—especially on summation—effectively deprived defendant of his right to a fair trial.

With respect to the issue of corroborative evidence of the accomplice testimony, we conclude that defendant's contention lacks merit. A defendant may not be convicted of a criminal offense upon the testimony of an alleged accomplice unless that testimony is supported by sufficient corroborative evidence

tending to connect the defendant with the commission of the alleged offense (*see*, CPL 60.22 [1]). The required corroborative evidence must be independent of the accomplice's testimony and be of such probative worth itself as to satisfy the jury that the defendant indeed is connected to the crime, rendering the accomplice's testimony worthy of belief (*see*, *People v Breland*, 83 NY2d 286, 292). In other words, the corroborative evidence operates as a separate yardstick by which the jury measures the reliability of the accomplice's claim that the defendant participated in the criminal venture. The corroborative evidence need not establish any of the elements of the crime (*see*, *People v Hudson*, 51 NY2d 233, 238), nor establish in fact that the defendant committed the offense charged, but must simply provide a suitable nexus supporting a reasonable inference that the defendant was involved.

Here, there was ample evidence tending to connect defendant with the commission of the offenses of which he was convicted. The independent evidence established the similar modus operandi employed by defendant in the commission of the crimes, including the clothing worn, weapons carried and method used to communicate between the perpetrators. More importantly, however, the two search warrants executed by the police at defendant's residence uncovered corroborative evidence in the form of a complete camouflage outfit, including mask, gloves, shirt, jacket and pants, two portable radios, body wires and transmitters, together with various items of property identified by the victims as being stolen during the burglaries. In our view, this evidence does, independent of the accomplice testimony, incriminate defendant in the commission of the crimes (*see*, *People v Glasper*, 52 NY2d 970, 971-972; *People v Hudson*, *supra*, at 238).

Further, since the record amply demonstrates the existence of a common plan or scheme with respect to this series of burglaries, evidence corroborating an accomplice with respect to one offense is sufficient to provide the required corroboration with respect to the other similar crimes (*see*, *People v Spencer*, 272 AD2d 682, 684, *lv denied* 95 NY2d 858). The uncovering of the instrumentalities and fruits of the crime in defendant's home is sufficient evidence to corroborate the testimony of the accomplices (*see*, *People v Huntley*, 259 AD2d 843, 846, *lv denied* 93 NY2d 972) and clearly supports a reasonable inference that defendant was involved in the offenses of which he was convicted (*see*, *People v Spencer*, *supra*).

Defendant next insists that County Court erred in refusing him the opportunity to present alibi witnesses placing him out

of town during two of the robberies of which he was convicted. County Court reasoned that defendant was not entitled to present these alibi witnesses since the notice of alibi was untimely and failed to meet the requirements of the statute. Under CPL 250.20 (1), within 20 days of arraignment the People may serve upon a defendant a demand for alibi evidence if the defendant anticipates presenting such evidence. The defendant's response to such demand must be served upon the prosecution within eight days of service and must reveal the place at which the defendant claims to have been at the time in question and the names, residential addresses and employment addresses of each such alibi witness (see, CPL 250.20 [1]). Defendant's counsel asserts that the delay in service of the notice of alibi upon the People was occasioned by his substitution for previous counsel about 30 days before trial. The notice of alibi was served at least five days prior to the actual commencement of the trial.

Although the trial court has the discretion to extend the period in which the defendant must file and serve his notice of alibi, an application for such an extension may be denied where the defendant does not appropriately demonstrate good cause for the delay (see, People v Fax, 232 AD2d 734, 736, lv denied 89 NY2d 942; People v Davis, 193 AD2d 885, 886-887, lv denied 82 NY2d 716). Although the late entry of defense counsel into the case may provide the required reasonable excuse for delay in service of the notice of alibi (see, People v Davis, supra), here, the tardiness of the notice of alibi prejudiced the People's ability to adequately investigate defendant's claims prior to trial. Further, the tardiness of the service of the notice of alibi was not cured when defendant renewed his application to present the alibi witnesses based upon his contention that the People had, in fact, interviewed those witnesses, since County Court properly found the notice facially inadequate because it failed to advise the People of the places at which defendant claimed to be at the time of the commission of the crimes, hampering the People's opportunity to thoroughly investigate defendant's claim. Accordingly, County Court's denial of defendant's application to present alibi witnesses was not an abuse of discretion.

Next, we address defendant's contention that County Court erred in denying his motion for a mistrial based upon the unavailability of a codefendant David Mensche (hereinafter Mensche), defendant's father. During the lengthy trial, Mensche became ill to such a degree that emergency surgery was required. As the result of his inability to participate in the

trial, County Court granted a mistrial as to Mensche and defendant sought a mistrial claiming that the unavailability of Mensche impacted his right to present a full and fair defense. According to defendant, Mensche would provide alternative explanations for the presence of the proceeds of the burglaries in defendant's residence establishing that defendant was unaware that the property constituted the fruits of the burglaries in question.

We find no error in County Court's denial of this motion for several reasons. Initially, we note that there is no dispute that Mensche was unavailable to physically testify at trial as a result of his medical condition. County Court correctly observed, however, that it was pure speculation and conjecture that Mensche would waive his 5th Amendment rights and testify on behalf of defendant. Second, the court correctly noted that the precise substance of Mensche's testimony was not detailed so that any determination as to its materiality and relevance could be made. Finally, County Court did not preclude defendant from calling Mensche because his name was not on defendant's witness list initially submitted to the court. As a final matter, we note that defendant failed to apply to the court for a conditional examination of Mensche and the record is not sufficiently clear to conclude that Mensche was unable to participate in such an examination (*see*, CPL 660.20).

Finally, defendant contends that the cumulative effect of various remarks made by the prosecution during its opening statement and summation to the jury require reversal of the conviction. Our examination of the record reveals that those remarks to which defendant objected were immediately followed by a curative instruction from County Court eliminating any possible prejudice to defendant as a result thereof (*see*, *People v Wood*, 66 NY2d 374, 379). Our review of the areas to which defendant assigns error leads to the conclusion that the majority of the remarks made by the prosecution constituted fair comment on the evidence presented during the trial (*see*, *People v Ashwal*, 39 NY2d 105, 109). Nor are we convinced, contrary to defendant's assertion, that the cumulative effect of the prosecutor's improper remarks effectively deprived defendant of a fair trial. Although the prosecution's remarks may be characterized as fair comment on the evidence, County Court appropriately informed the jury that its recollection of the evidence and testimony was controlling (*see*, *People v Wood*, *supra*, at 379), and the attempts of the prosecutor to challenge the credibility of defense witnesses is clearly within the scope of proper argument (*see*, *People v Cody*, 260 AD2d 718, 722, *lv*

*denied* 93 NY2d 1002). Finally, those remarks of which defendant now complains, but to which he failed to object, have not been preserved for our review (*see, People v Sullivan*, 261 AD2d 652, 653).

Cardona, P. J., Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.