11-2949-pr
Harrison v. Cunningham

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand thirteen.

Present:
    ROBERT A. KATZMANN,
    GERARD E. LYNCH,
            *Circuit Judges*,
    ROSLYNN R. MAUSKOPF,
            *District Judge*.*

---

CHARLES HARRISON,

        *Petitioner-Appellee*,

    v.                                                      No.  11-2949-pr

RAYMOND J. CUNNINGHAM,

        *Respondent-Appellant*.

---

---

* The Honorable Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

For Petitioner-Appellee:                RANDOLPH Z. VOLKELL, Merrick, NY

For Respondent-Appellant:          CRISTIN N. CONNELL, Assistant District Attorney, *for*
                                                      Kathleen M. Rice, District Attorney, Nassau County,
                                                      Mineola, NY


        Appeal from the United States District Court for the Eastern District of New York
(Garaufis, *J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

        Respondent-Appellant Raymond J. Cunningham appeals from a June 22, 2011 Order of

the United States District Court for the Eastern District of New York (Garaufis, *J.*), which

granted Petitioner-Appellee Charles Harrison's petition for a writ of habeas corpus under 28

U.S.C. § 2254. In his petition, Harrison argued that his trial attorney provided ineffective

assistance of counsel in violation of Harrison's rights under the Sixth Amendment. *See generally*

*Strickland v. Washington*, 466 U.S. 668 (1984). Harrison based this argument on his trial

attorney's failure to notify the prosecution of two alibi witnesses, which resulted in the exclusion

of their testimony. The New York Appellate Division has previously rejected Harrison's Sixth

Amendment argument. *People v. Harrison*, 813 N.Y.S.2d 204, 205 (App. Div. 2006). On appeal,

Cunningham argues that the district court erred when it held that the Appellate Division's

decision "involved an unreasonable application of . . . clearly established Federal law." 28

U.S.C. § 2254(d)(1). We assume the parties' familiarity with the relevant facts, the procedural

history, and the issues presented for review.

        "We review de novo a district court's decision to grant . . . a habeas petition." *Hawkins v.*

*Costello*, 460 F.3d 238, 242 (2d Cir. 2006). "In so doing, we review a district court's factual

findings for clear error." *Id.* Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts "shall not" grant habeas petitions unless a petitioner meets certain statutory requirements. 28 U.S.C. § 2254(d). Here, the parties dispute whether the Appellate Division's rejection of Harrison's Sixth Amendment challenge "involved an unreasonable application of . . . clearly established Federal law." *Id.* § 2254(d)(1). "[C]learly established Federal law" refers "to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A federal court may not find an "unreasonable application" of federal law merely because a state court has ruled "erroneously or incorrectly." *Id.* at 411. Rather, a petitioner must show that "the state court's ruling on the claim being presented . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011). Where, as here, "the Appellate Division gave no explanation beyond saying that the claim was 'without merit,'" we . . . must assume the court relied" on "any reasonable ground [that] was available." *Wade v. Herbert*, 391 F.3d 135, 142 (2d Cir. 2004).

To challenge his conviction based on the ineffectiveness of his trial counsel, Harrison must make two showings. First, he must show that his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and a petitioner may overcome that presumption only by showing that his counsel's acts or omissions cannot be "considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). Second, Harrison must show "prejudice," *i.e.*, "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Courts applying *Strickland* to similar facts have held that reasonable attorneys understand the importance of potential alibi defenses and that criminal defendants suffer prejudice whenever their attorneys overlook or forfeit such a defense. *See, e.g.*, *Lindstadt v. Keane*, 239 F.3d 191, 199-201 (2d Cir. 2001); *see also Raygoza v. Hulick*, 474 F.3d 958, 965 (7th Cir. 2007); *cf. Clinkscale v. Carter*, 375 F.3d 430, 443 (6th Cir. 2004) (reviewing *de novo* because the state courts had not adjudicated the claim on the merits); *Lord v. Wood*, 184 F.3d 1083, 1096 (9th Cir. 1999) (applying pre-AEDPA standards).

We find that the Appellate Division applied *Strickland* unreasonably when it concluded that the failure of Harrison's counsel to notify the prosecution of two alibi witnesses—which prevented those witnesses from testifying that Harrison was not at the scene of the crime—did not violate his rights under the Sixth Amendment.[1] Turning to the first prong of *Strickland*, Cunningham argues that the relevant attorney's representation did not fall below an "objective standard of reasonableness" because that attorney replaced another after the deadline for notifying the prosecution of alibi witnesses had expired. Because that deadline had expired, Cunningham concludes that Harrison's counsel had to choose between moving to file a late notice of alibi and seeking to admit the witnesses' testimony under another theory. Nowhere does Cunningham explain, however, why Harrison's counsel could not have pursued both

---

[1] As a threshold matter, we reject Cunningham's argument that the district court failed to apply the standard required by AEDPA. The district court not only cited the correct standard, but also characterized the Appellate Division's decision as "unreasonable" with respect to each prong of the *Strickland* analysis. *Harrison v. Cunningham*, No. 07–CV–4077 (NGG), 2011 WL 1897655, at *2, *5-*6 (E.D.N.Y. May 18, 2011). Moreover, even if the district court had applied an incorrect standard, we would remain to free to affirm based on our independent assessment of the case under the correct standard. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

4

courses of action. Lawyers frequently present seemingly inconsistent positions in the alternative. Indeed, on appeal, Harrison's attorney advanced both of the positions that his trial counsel felt compelled to choose between. Thus, Harrison's trial counsel had "nothing to lose, yet everything to gain, from filing the alibi notice," *Clinkscale*, 375 F.3d at 443, and no considerations of "sound trial strategy" even conceivably justified his decision not to do so.[2]

Turning to the second prong of *Strickland*, Cunningham argues that Harrison suffered no prejudice because the chief prosecution witness, namely, the arresting officer, gave detailed testimony implicating Harrison and asserted that there was "a hundred percent no doubt in [his] mind" that Harrison had committed the crime. App'x at 171. Notwithstanding the officer's confidence, however, in the absence of physical evidence tying Harrison to the crime, the proof in this case turned on each witness's credibility. After Harrison testified that, at the relevant time, he was leaving a party with two friends, his credibility depended on the presentation of supporting testimony by the two friends to whom he had referred. His counsel's failures prevented the presentation of such testimony, thereby suggesting to the jury that his friends declined to support his story because it was false. Given the critical importance of the relevant testimony to the central issue before the jury, no court could justifiably find that there was not even a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *cf. Henry v. Poole*, 409 F.3d 48, 72 (2d Cir. 2005) ("[I]t is 'axiomatic' that the presentation of false exculpatory evidence in general, and false alibi evidence in particular, is likely to be viewed by the jury as evincing

---

[2] Nor can it be contended that seeking leave to file a late notice weeks in advance of trial would have been futile. New York courts have stated that "late entry of defense counsel into the case may provide the required reasonable excuse for delay in service of the notice of alibi." *See People v. Mensche*, 714 N.Y.S.2d 377, 380 (App. Div. 2000).

consciousness of guilt." (citation omitted)). Having found no colorable justification for the rejection of Harrison's Sixth Amendment argument, we agree with the district court that the Appellate Division applied *Strickland* unreasonably.

We have considered Cunningham's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK