# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**242**
**KA 14-00078**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

BANGALY CHELLEY, ALSO KNOWN AS DENIS CHELLEY,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF
COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO
OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of
the Supreme Court in the Fourth Judicial Department, from an order of
the Supreme Court, Erie County (M. William Boller, A.J.), entered
December 3, 2013. The order summarily denied defendant's motion
pursuant to CPL 440.10 to vacate the judgment convicting defendant of
murder in the second degree and criminal possession of a weapon in the
second degree.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from an order summarily denying
his motion pursuant to CPL 440.10 to vacate the judgment convicting
him of murder in the second degree (Penal Law § 125.25 [1]) and
criminal possession of a weapon in the second degree (§ 265.03 [3]),
contending that he was entitled to a hearing on his claim that he was
deprived of effective assistance of counsel at trial. In denying the
motion, Supreme Court properly concluded that most of defendant's
challenges to his attorney's performance are based on matters in the
record that were, or could have been, raised on defendant's direct
appeal. Defendant was therefore not entitled to a hearing on those
allegations of ineffective assistance of counsel (*see* CPL 440.10 [2]
[a], [c]; *People v Vigliotti*, 24 AD3d 1216, 1216-1217).

With respect to the alleged instance of ineffective assistance of
counsel based on matters outside the record, defendant contends that
his attorney was ineffective because he failed to call one of the
witnesses listed on defendant's alibi notice. In support of his
motion, however, defendant "neither submitted an affidavit from [the
witness] to show that [s]he would have corroborated [defendant's
alibi], nor explained his failure to do so" (*People v Ozuna*, 7 NY3d

913, 915; *see generally People v Ford*, 46 NY2d 1021, 1023).  In addition, the record establishes that defense counsel called the other two witnesses listed on the alibi notice, and there is no indication that the testimony of the uncalled witness would have been anything but cumulative (*see People v Fax*, 232 AD2d 734, 736, *lv denied* 89 NY2d 942).  Under the circumstances, defendant failed to demonstrate " 'the absence of strategic or other legitimate explanations' " for defense counsel's failure to call the witness (*People v Benevento*, 91 NY2d 708, 712).  In sum, "[c]onsidering all of the circumstances, including that defendant's motion was decided by a [justice] who, having presided over defendant's trial, was familiar with the facts . . . , we cannot conclude that [Supreme] Court abused its discretion in denying the motion without a hearing" (*People v Hoffler*, 74 AD3d 1632, 1635, *lv denied* 17 NY3d 859).

Entered:  March 25, 2016                         Frances E. Cafarell
                                                 Clerk of the Court